IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-01667-RPM

REINHALD O. QUEVEDO,

        Applicant,

v.

ARISTEDES W. ZAVARAS, Executive Director, Colorado Department of Corrections,
SUSAN JONES, Warden, Colorado State Penitentiary, and
JOHN SUTHERS, The Attorney General of the State of Colorado

        Respondents.

_____

## MEMORANDUM OPINION AND ORDER
_____

In 1999 Reinhald O. Quevedo was found guilty of first degree murder of Miguel

Magana and attempted first-degree murder and first-degree assault of Eduardo Garcia.

The sentences imposed were consecutive sentences of life imprisonment without

parole, 48 years and 24 years, respectively.  On direct appeal the Colorado Court of

Appeals (CCA) affirmed the convictions but vacated the sentence terms because of

error in applying the relevant Colorado statutes.

After remand, Quevedo appeared before a different judge for re-sentencing on

the convictions of attempted first-degree murder and first-degree assault.  His counsel

proposed concurrent sentences of 24 years as the maximum presumptive sentence.

The prosecutor agreed, saying:

> "Let's make this simple. It would be my suggestion that we impose a
> maximum presumptive sentence on the attempt first-degree murder,
> maximum presumptive on first-degree assault, and let all of it run
> concurrent with the life sentence."

The court agreed with the stipulated sentence on condition that Quevedo waive

his right to appeal the length of sentence.  Quevedo waived and the court imposed a

sentence of 24 years for attempted murder and 12 years for assault to run concurrently

with each other and with the life sentence for murder.

Quevedo moved for post conviction relief under Colo.R.Crim.P. 35(c) as did a co-

defendant, Ivan Gonzales, who had been convicted as a result of a separate trial.  The

prosecution conceded structural error in both trials because the juries had not been

given instructions regarding the presumption of innocence and the burden of proof

beyond a reasonable doubt.  The trial judge vacated the judgments of conviction and

ordered new trials.

Quevedo's second trial was different in that he testified in his defense.  The jury

acquitted him of the murder of Magana but found him guilty of attempted murder and

assault in the shooting of Garcia.  The prosecutor requested immediate imposition of

the 24 and 12 years sentences.  The court refused and ordered a new sentencing

hearing.

At that hearing the prosecutor asked for maximum aggravated range sentences

and provided the court with a printout of disciplinary violations and related administrative

proceedings for violation of Colorado Department of Corrections regulations occurring

during imprisonment before the second sentence hearing.

Quevedo's counsel pointed the court to *North Carolina v. Pearce,* 395 U.S. 711

(1969) in support of imposing the same sentence, arguing that an increased sentence

would be a sign of vindictiveness in violation of the due process protection of the

Fourteenth Amendment.  The court acknowledged that authority but found it to be

inapplicable by comparing the first sentence, aggregating 72 years on these two charges and commenting that a new concurrent sentence of 48 years for attempted murder and 24 years for assault was a sentence reduction.  That sentence was imposed.  The court further explained that his original intention was to impose the maximum sentence possible following the first trial and that an aggravated sentence was mandated.  Additionally, the court considered as discretionary aggravating factors the fact that Quevedo was on juvenile probation at the time of the offenses and the extraordinary gravity of the offenses as shown by the evidence heard at both trials.

The CCA affirmed the sentences, holding that the presumption of vindictiveness required by due process of law under *Pearce* was not applicable because under the circumstances there was no reasonable likelihood that the sentences imposed after re-trial "was the product of actual vindictiveness by the sentencing authority."  Because the 24 and 12 years concurrent sentence was imposed while Quevedo was serving a life sentence for murder, the appellate court considered the stipulation as reflecting the parties' practical approach to "make the matter simple."  The majority noted that the trial court considered all relevant and material factors, including its expressed original intention in exercising its discretionary authority in sentencing, finding that nothing in the record reflected any actual vindictiveness by the trial court or the prosecution against defendant for successfully challenging his prior conviction and sentence.  The CCA concluded that there was no due process violation.

One judge dissented to affirmance of the sentence believing that the prosecution acted improperly in seeking sentences more severe than 24 and 12 years because of the stipulation for that sentence which should be binding on retrial.  Recognizing that

while the stipulation should bind the prosecutor but that the court need not follow it, the

dissenting judge would have vacated the sentences and remand for resentencing with

the prosecution foreclosed from arguing for a more severe sentence than what was

previously agreed.

In this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,

counsel for Quevedo contends that the CCA unreasonably applied clearly established

law by failing to apply the presumption of vindictiveness by the sentencing judge under

*Pearce* and the prosecutor under *Blackledge v. Perry,* 417 U.S. 21 (1979).It must be

agreed that the emphasis on the failure of the record to suggest actual vindictiveness by

the sentencing judge is a misreading of *Pearce*.  The concern of the Court in *Pearce*

was with the fear of a greater sentence as having a chilling effect on the exercise of a

right to appeal or collaterally attack the conviction.  The Court said:

> Due process of law, then, requires that vindictiveness against a
> defendant for having successfully attacked his first conviction must play no
> part in the sentence he receives after a new trial.  And since the fear of
> such vindictiveness may unconstitutionally deter defendant's exercise of
> the right to appeal or collaterally attack his first conviction, due process
> also requires that a defendant be freed of apprehension of such a
> retaliatory motivation on the part of the sentencing judge."

395 U.S. 711at 725.

Accordingly, a more severe second sentence presumes such vindictiveness and

the burden is on the state to prove otherwise, as the Court explained at page 726.

> In order to assure the absence of such a motivation, we have
> concluded that whenever a judge imposes a more severe sentence upon
> a defendant after a new trial, the reasons for his doing so must
> affirmatively appear.  Those reasons must be based upon objective
> information concerning identifiable conduct on the part of the defendant
> occurring after the time of the original sentencing proceeding.  And the
> factual data upon which the increased sentence is based must be made

part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

In *Blackledge v. Perry,* 417 U.S. 21 (1974) the Court applied that presumption of vindictiveness to the prosecutor's actions in obtaining a felony indictment for assault with a deadly weapon after the defendant claimed his right to appeal for a *de novo* trial after conviction on a misdemeanor charge for the same conduct.  While there was no evidence that the prosecutor acted in bad faith or maliciously in seeking the felony indictment, the Court explained that the rationale grounding *Pearce* was the fear of vindictiveness as an unconstitutional deterrence to exercising a statutory right to new trial in a higher court.

The essential teaching of these cases is that the Constitutional protection of liberty provided by the Fourteenth Amendment is infringed if one whose liberty has been constrained by a conviction for a crime is inhibited from pursuing judicial relief from that conviction by the possibility that if he is successful the outcome of a conviction after re-trial will be an increased loss of liberty because the prosecution will alter the charges or the court will increase the sentence in retaliation for reversal.

Although the CCA missed that lesson, affirmance of the sentence is justified by the record.  The applicant contends that what is under review is the 24 and 12 years concurrent sentences for attempted first degree murder and aggravated assault.  That is not correct.  When Quevedo moved for collateral review of his conviction he was serving a sentence of life without parole.  The possibility that reversal of the convictions for first degree murder and the lesser offenses resulting in a new trial would result in

doubling the terms of years for those lesser offenses with the sentence to life removed cannot reasonably be considered a deterrent to the filing of that motion.

The applicant makes much of the prosecution's change of position from the stipulation for the second sentence. He suggests that the prosecutor should be precluded from reneging on the stipulation made with the defendant in the same manner as a plea bargain under *Santobello v. New York*, 404 U.S. 257 (1971). The argument is not persuasive for the same reason that the stipulation was made when Quevedo was serving a life sentence which was not altered by it.

In addition, the prosecutor's request for a maximum sentence after the life sentence was removed did not cause the court's action. The initial request by the prosecution at the conclusion of the second trial was the immediate imposition of the sentence of 24 and 12 years. The court rejected that request and required the hearing to consider an appropriate sentence after the life term was removed by acquittal.

At the hearing the court did not rely on the prison disciplinary record as a basis for the decision. What is clear is that the court considered the evidence at the second trial as supporting the sentences imposed. Indeed, he expressly compared the aggregated 72 months of the sentences for these same offenses in the first sentence hearing with the 48 months and ruled that Pearce was not applicable because the sentence was reduced.

The prosecutor's presentation did not have any effect on the court's decision.

The misreading of *Pearce* by the CCA is not a basis for granting this application for a writ of habeas corpus. A correct analysis of the applicable law leads to the same result–affirmance of the sentence Quevedo is now serving.

Upon the foregoing, it is

ORDERED that the application for a writ of habeas corpus is denied and this civil

action is dismissed without an award of costs.

DATED:   June 27th, 2011

                                        BY THE COURT:

                                        s/Richard P. Matsch

                                        _____
                                        Richard P. Matsch, Senior Judge